IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-03298-RM-KLM

OTTER PRODUCTS LLC,

    Plaintiff,

v.

FLYGRIP, INC.,

    Defendant.

---

## ORDER

---

This declaratory judgment action is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 61) to deny Defendant's Motion to Dismiss (ECF No. 16). Defendant has filed Objections to the Recommendation (ECF No. 62), and Plaintiff has filed a Response (ECF No. 63). With a small caveat, the Court overrules the Objections and accepts the Recommendation.

**I.    LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## II. BACKGROUND

Defendant sent Plaintiff a letter dated October 12, 2021, accusing it of selling "handheld device grips that infringe one or more of [Defendant's] patents." (ECF No. 1-8 at 5.) On the same day, Defendant sent a nearly identical letter to PopSockets LLC (*see* ECF No. 1-7 at 3), another company with its principal place of business in Colorado which has filed a separate declaratory judgment action that is before this Court. The enforcement letters identify four patents—United States Patent Nos. 8,844,098, 10,406,671, 10,800,024, and 10,953,535—and specifically cite, "by way of example only . . . [Plaintiff's] line of Otterbox with Popsockets products . . . that incorporate the pull-out grip design" and claim 2 of the '024 patent. (ECF No. 1-8 at 5.) The letter to Plaintiff suggests that it "have its patent counsel examine the patents to determine whether it would like to take a non-exclusive license to the patents" and that Defendant and Plaintiff engage "in discussions regarding the amount of renumeration appropriate to remedy [Plaintiff's] use of the patents." (*Id.*)

Six days later, Defendant filed lawsuits for patent infringement against Amazon, Inc. and Walmart, Inc. in the United States District Court for the Western District of Texas. In each case, Defendant alleges the corporate retailers infringe claim 2 of the '024 patent by selling Plaintiff's products.

Plaintiff filed its Complaint in this case on December 8, 2021, seeking a declaratory judgment that it does not infringe the four patents identified in Defendant's letter. Defendant's Motion to Dismiss was referred to the magistrate judge for a Recommendation. After it was fully briefed, the magistrate judge rejected each of Defendant's five grounds for dismissal or, alternatively, staying or transferring the case and recommended that the Motion be denied in its entirety.

### III.     ANALYSIS

In its Objections, Defendant requests de novo review of the Recommendation. However, only sufficiently specific objections are subject to de novo review. With respect to the aspects of the Recommendation not addressed in the Objections, the Court finds the magistrate judge's analysis was thorough and sound and discerns no error on the face of the record.

#### A.     Personal Jurisdiction

Defendant first argues that the magistrate judge erred by finding this Court may exercise personal jurisdiction over it. The Court is not persuaded.

Federal Circuit law governs the issue of personal jurisdiction in patent cases. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). To determine whether asserting jurisdiction over an out-of-state defendant comports with due process, the Federal Circuit considers (1) whether the defendant "purposefully directed" its activities at residents of the forum; (2) whether the claim "arises out of or relates to" the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is "reasonable and fair." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

The plaintiff bears the burden of proof on the first two factors, which correspond with the familiar "minimum contacts" analysis. *See id.* If the "minimum contacts" requirement is satisfied, the burden shifts to the defendant to present a compelling case that jurisdiction would be unreasonable. *Apple Inc. v. Zipit Wireless, Inc.*, 30 F. 4th 1368, 1375 (Fed. Cir. 2022) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). In *Burger King*, the Supreme Court listed five factors courts evaluate to determine whether the assertion of personal jurisdiction comports with "fair play and substantial justice": (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and

effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest in the several states in furthering fundamental substantive social policies. 477 U.S. at 476-77.

A patentee in a declaratory judgment action does not subject itself to personal jurisdiction in a forum solely by informing a party who happens to be located there of suspected infringement. *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147, 1154 (Fed. Cir. 2021). At the same time, "there is no general rule that demand letters can never create specific personal jurisdiction." *Id.* at 1156. Instead, Supreme Court precedent has established that "communications sent into a state may create specific personal jurisdiction, depending on the nature and scope of such communications" and that "a broad set of a defendant's contacts with a forum are relevant to the minimum contacts analysis." *Id.* at 1155-56.

Here, Plaintiff is a Colorado company with its principal place of business here, and Defendant is a New York corporation with its principal place of business there.[1] Defendant does not object to the magistrate judge's determination that Defendant's two enforcement letters to Colorado entities alleging infringing conduct and offering to discuss patent licensing satisfy the "minimum contacts" requirement. Instead, it argues that the magistrate judge erred by concluding that the assertion of personal jurisdiction is reasonable and fair based on the enforcement letters in combination with its (1) sales in Colorado and (2) other communications with Colorado entities as part of its licensing efforts.

First, the Court agrees with Defendant that its sales in Colorado are not relevant for the purposes of assessing personal jurisdiction. In the Federal Circuit, courts have consistently required defendants in declaratory judgment actions "to have engaged in 'other activities' that

---

[1] As noted in the Recommendation, since the filing of the Complaint, Defendant may have re-incorporated in Texas. (ECF No. 61 at 2 n.2.)

4

relate to the *enforcement* or the *defense of the validity* of the relevant patents." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1334 (Fed. Cir. 2008). Examples of such "other activities" include entering into exclusive license agreements or other undertakings that impose enforcement obligations on a patentee or its licensee but *not* "the defendant patentee's own commercialization activity." *Id.* at 1334-35. "What the patentee makes, uses, offers to sell, sells, or imports is of no real relevance to the enforcement or defense of a patent, because the federal patent laws do not create any affirmative right to make, use, or sell anything." *Id.* at 1335 (quotation omitted). Thus, "a defendant patentee's sale, even of products covered by its own patents in the forum state, do not necessarily relate to the patentee's amenability to specific personal jurisdiction in actions for declaratory judgment of non-infringement and invalidity of those patents." *Id.*; *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1020 (Fed. Cir. 2009) ("[O]nly enforcement or defense efforts related to the patent rather than the patentee's own commercialization efforts are to be considered for establishing personal jurisdiction in a declaratory judgment action against the patentee.").

The Court cannot reconcile these cases with the magistrate judge's determination that Defendant's Colorado sales constitute contacts that are relevant for assessing personal jurisdiction. Accordingly, the Court sustains this portion of Defendant's Objections. However, as discussed below, rejecting this aspect of the Recommendation does not meaningfully erode the rationale behind the magistrate judge's conclusion that exercise of personal jurisdiction over Defendant in this case is fair and reasonable.

The other contacts considered by the magistrate judge to be relevant to the personal jurisdiction analysis are Defendant's communications—aside from the enforcement letters—with Colorado entities. Though these communications ceased before Plaintiff filed this lawsuit, the

5

magistrate judge concluded that Defendant reignited these contacts by filing the Texas lawsuits, which specifically identify Plaintiff's products and the '024 patent. *See Apple, Inc.*, 30 F.4th at 1380 (concluding patentee reignited contacts from four years earlier by filing an infringement action in another forum); *see also id.* ("However stale [the patentee's] contacts might have become absent intervening action by [the patentee], they were ripe when Apple filed its declaratory judgment action."). Moreover, "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." *Avocet Huntsville Corp.*, 552 F.3d at 1334 (quotation omitted).

The Recommendation implicitly rejects Defendant's contention that these communications are irrelevant because Defendant did not initiate them, and Defendant has not shown this was error. The Recommendation also rejects Defendant's contention that the communications do not involve enforcement or defense efforts related to the patents. The Court finds Defendant went beyond merely informing a party who happens to be in Colorado of suspected infringement; rather, as in *Trimble*, its attempts to license or sell the patents were more akin to an arms-length negotiation in anticipation of a long-term continuing business relationship. 997 F.3d at 1157. Therefore, the Court agrees it was appropriate for the magistrate judge to consider such communications in analyzing whether assertion of personal jurisdiction is reasonable and fair.

In its Objections, Defendant does not explain how the magistrate judge's application of the *Burger King* factors is different if the contacts in addition to the enforcement letters are not considered. The Court now turns to the application of those factors without consideration of Defendant's Colorado sales. First, Defendant still has not shown that it would face a significant burden if forced to litigate this matter in Colorado. Second and third, Defendant offers no

6

contrary arguments to the magistrate judge's determinations that Colorado has a significant interest in adjudicating this dispute and that Plaintiff has an interest in obtaining relief in a nearby forum.  Fourth, to the extent Defendant contends that resolving the Texas lawsuits would resolve more issues, the magistrate judge found that the interstate judicial system's interest in efficiently resolving the controversies in this case weighs in favor of exercising personal jurisdiction in light of the stay entered in the Walmart case pertaining to the claims based on Plaintiff's and PopSocket's products.  That has not changed.  And fifth, Defendant concedes there is no conflict between the interests of Colorado and any other state because the same federal patent law would govern regardless of the forum.  In short, the application of the *Burger King* factors does not materially change if Defendant's Colorado sales are not considered.  Therefore, the Court agrees with the magistrate judge's overall conclusion that dismissal for lack of personal jurisdiction is not warranted.

        **B.**        **First-to-File Rule and the "Customer-Suit" Exception**

Defendant next argues that the Court should not now decide "customer-suit" exception issues and whether the "first-to-file" rule applies because in the Amazon suit, the court found the exception did not apply.  The Court disagrees.

Where, as here, a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement, the suit by the manufacturer generally takes precedence.  *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014).  "The 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute."  *Id.*; *see also Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) ("[T]he guiding

7

principles in the customer suit exception cases are efficiency and judicial economy."). "Application of the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed Cir. 2013).

Here, the magistrate judge rejected Defendant's argument that the case should be stayed, dismissed, or transferred under the "first-to-file" rule, finding that the "customer-suit" exception applies. Even though Plaintiff is not the sole source of the allegedly infringing products in the Texas lawsuits, a factor weighing against application of the "customer-suit" exception, the magistrate judge found that Amazon and Walmart are merely resellers and that Defendant's position that they had not agreed to be bound by the outcomes of the declaratory judgment actions was "no longer tenable" in light of subsequent developments in the Texas lawsuits, both factors weighing in favor of applying the "customer-suit" exception. (ECF No. 61 at 30-31.)

Defendant fails to provide a persuasive rationale for why this Court should defer to the determination of the district court in the Amazon suit that the "customer-suit" exception does not apply, particularly now that the Federal Circuit has granted Amazon's petitions for a writ of mandamus and directed the court to transfer the remaining claims against Amazon to this District. (*See* ECF No. 67.) And even before the Federal Circuit's order, the district court in the Walmart suit concluded that the exception does apply to the claims premised on Plaintiff's products.

Nor is the Court persuaded by Defendant's contention that the magistrate judge's finding that Amazon agreed to be bound by the Colorado declaratory judgment actions was improper.[2] Defendant does not directly refute that Amazon agreed to be bound—it merely argues that the

---

[2] Defendant does not object to the magistrate judge's determination that Walmart has agreed to be bound.

8

record was inadequate for the magistrate judge to draw such a conclusion. But even putting that finding aside, the Court finds that Defendant has not shown that its proposal to stay, dismiss, or transfer this action is more efficient than allowing it to proceed in this District. Due to the procedural posture of this case, the preferred outcome of having one proceeding resolve all issues in all proceedings does not appear possible. Accordingly, the Court finds that application of the "customer-suit" exception is appropriate under the circumstances.

Defendant's contention that the magistrate judge erred by finding that it may have engaged in forum shopping is also unavailing. Because the "customer-suit" exception applies, there is no need to consider whether Defendant's potential forum shopping provides an alternative basis for declining to apply the "first-to-file" rule.

### C. Subject Matter Jurisdiction

Finally, Defendant argues that the magistrate judge erred by concluding that the Court has not been divested of subject matter jurisdiction over Plaintiff's claims pertaining to the '671, '098, and '535 patents because Defendant has offered Plaintiff a proposed release as to past infringement for these patents. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (concluding covenant not to sue extinguished any current or future case or controversy between the parties and divested the district court of subject matter jurisdiction). However, the Court agrees that the proposed release is insufficient in that Defendant would retain the right to sue over future infringement. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1300 (Fed. Cir. 2009) (reversing district court's holding that covenant to sue for past infringement only ousted the court of jurisdiction). Defendant makes no other argument regarding the magistrate judge's conclusion that the Court has subject matter jurisdiction over

9

these claims. Therefore, the Court accepts and adopts the magistrate judge's analysis of this issue.

## IV. CONCLUSION

Accordingly, the Court SUSTAINS Defendant's Objections on the basis the magistrate judge should not have considered Defendant's Colorado sales in assessing personal jurisdiction but otherwise OVERRULES the Objections (ECF No. 62), ACCEPTS the Recommendation (ECF No. 61) except as started in this Order, and DENIES the Motion to Dismiss (ECF No. 16) in its entirety.

DATED this 16th day of December, 2022.

BY THE COURT:

/s/ Raymond P. Moore

RAYMOND P. MOORE
United States District Judge